J-S14039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                     :          PENNSYLVANIA
                                                       :
                 v.                                     :
                                                       :
                                                       :
TROY ALLEN BREAKIRON                  :
                                                       :
             Appellant                :     No. 979 WDA 2021

Appeal from the Judgment of Sentence Entered March 7, 2019
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0002177-2018

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                 **FILED: MAY 9, 2022**

Troy Allen Breakiron (Breakiron) appeals from the judgment of sentence imposed by the Court of Common Pleas of Fayette County (trial court) after a jury convicted him of persons not to possess firearms, firearms not to be carried without a license and fleeing or attempting a police officer.[1]  We affirm.

Breakiron was convicted at the end a one-day jury trial held on March 4, 2019.  The trial court summarized the evidence presented at trial as follows:

> While working the midnight shift on May 19, 2018, Trooper Hamilton of the Pennsylvania State Police located a vehicle parked in the Dunbar Game Lands.  (N.T. at pgs. 8-9).  When the Trooper stopped behind the vehicle, the operator turned on his headlights and began to drive away.  ***Id***.  The Trooper activated his overhead lights and followed the vehicle until it drove into a cul-de-sac.  The

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1) and 75 Pa.C.S. § 3733(a).

operator turned the vehicle and proceeded towards the police vehicle. As the police vehicle blocked the roadway, the operator drove off the roadway and stopped. The operator then opened the driver-side door and fled on foot. As there were three other occupants of the vehicle, the Trooper approached them. (N.T. at pg. 10). In plain sight in the driver's door was a handgun, which was identified as a Highpoint 380 semiautomatic pistol. *Id*. The Trooper learned that [Breakiron] was the owner of the vehicle and learned from the occupants that he was also the operator. A warrant check was conducted on [Breakiron] and the check resulted in information that [Breakiron] had an active warrant from the Pennsylvania Parole Board. (N.T. at pg. 11). The recording from the police vehicle was played for the jury showing the operator running from the vehicle. (N.T. at pg. 12).

On July 27, 2018, [Breakiron] was apprehended. (N.T. at pg. 13). Trooper Hamilton received documentation that [Breakiron] was a person not to possess nor did he have a license to carry a firearm. *Id*. On the date he was apprehended, Pennsylvania State Trooper Marchewka interviewed [Breakiron] after reading him his *Miranda* rights. At trial, the Commonwealth presented portions of the video and audio tape of that interview, playing only those portions that related to these charges and not permitting any portion that referenced other bad acts to be heard by the jury. There was no objection to the portions of the video that were actually presented.

Trial Court Opinion (TCO), 9/27/21, at 2.

After being found guilty, Breakiron was sentenced to 6 to 12 years' imprisonment for persons not to possess firearms and received no further penalty on the other two counts. He subsequently filed an untimely appeal that was later quashed.[2] After obtaining post-conviction relief, Breakiron's

---

[2] *See Commonwealth v. Breakiron*, No. 555 WDA 2019 (Pa. Super. August 12, 2020) (unpublished memorandum).

J-S14039-22

direct appellate rights were reinstated, eventually leading to him filing this appeal. On appeal, he raises two issues for our review:

> 1. Whether the trial court erred by admitting into evidence the videotape of [Breakiron's] alleged confession as being more prejudicial than probative?
>
> 2. Whether the trial court erred in allowing Corporal Alec Hamilton to identify [Breakiron] at trial as the driver of the vehicle who fled the scene of the traffic stop, when Corporal Hamilton admitted under cross-examination that he based his identification upon statements made by the other occupants of the vehicle?

Breakiron's Brief at 3 (cleaned up).[3]

Breakiron first claims that the trial court erred in allowing to the jury to view his videotaped interview with Trooper Marchewka. His substantive argument in support of this claim is confined to the following paragraph:

> In the present case, although the Commonwealth attempted to eliminate those portions of the video where [Breakiron] mentioned his prior criminal history and other criminal acts, these statements were so interwoven with [Breakiron's] alleged confession that there was simply no way that this video would not be highly prejudicial to [Breakiron]. In addition, the jury certainly would have inferred from the repeated starts and stops in the

---

[3] Both issues challenge the admission of evidence at trial. Our standard for such challenges is well-settled:

> [a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion. An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record.

***Commonwealth v. Tyson***, 119 A.3d 353, 357–58 (Pa. Super. 2015) (internal citations omitted).

video that other bad acts by [Breakiron] were being kept out of the trial. For these reasons, the Trial Court erred in not excluding the video entirely from the trial.

*Id*. at 9.

To the contrary, our review of the record shows that the trial court made no such error. Before showing the video during its examination of Trooper Marchewka, the Commonwealth requested a brief recess so the trial court could view the video out of the presence of the jury. *See* N.T., 3/4/19, at 23. While watching the video, the trial court instructed the Commonwealth that it could not play any portions referencing other criminal conduct.

> [DEFENSE COUNSEL]: And, Your Honor, I've heard several things that have nothing, I mean uncharged misconduct. I heard some reference to him trading his gun for pills.
>
> [COMMONWEALTH]: Well that would certainly go to his acknowledgement that he possessed a gun.
>
> THE COURT: Not the trading it for pills part.
>
> [DEFENSE COUNSEL]: I've also heard reference to a stolen bike.
>
> [COMMONWEALTH]: Well that portion was not in what I was planning on playing. The 903 to 1015 doesn't reference a bike, it references the gun and the drugs and exchanging the gun for drugs and then from 1845 to 2001 there's no mention of the bike.
>
> THE COURT: **Anything that references crimes you can't put it in**.
>
> [COMMONWEALTH]: I understand. Let me just make sure. I'm going to start it at 1845.

*Id*. at 23-24 (emphasis added).

After bringing the jury back, the Commonwealth played the relevant portions of the interview. As the trial court noted, Breakiron's counsel did not object to any of the portions that were played. *Id*. at 25. That being the case, Breakiron waived this issue by failing to make a contemporaneous objection. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Baumhammers*, 960 A.2d 59, 73 (Pa. 2008) ("[I]ssues are preserved when objections are made timely to the error or offense). In any event, the record shows that the Commonwealth was aware that the interview contained possibly prejudicial information and skipped those portions when it showed the video. Breakiron concedes this in his argument above but, nonetheless, argues the jury must have inferred that the excised portions contained prejudicial material. As he cites no authority for this speculative proposition, we find no error.

Breakiron next claims that the trial court erred in allowing Trooper Hamilton to identify him as the driver of the car. Again, however, Breakiron's issue is premised on him mischaracterizing what happened at trial. As the trial court explained:

> …At trial, the Commonwealth only asked Trooper Hamilton if [Breakiron] was in the Courtroom, he was not asked if he was the operator of the vehicle. (N.T. at pg. 16). The Trooper stated that he was able to identify [Breakiron] by looking at pictures and watching the interview between Trooper Marchewka and [Breakiron]. (N.T. at pg. 20). He did not identify him as the operator. While on cross examination, the Trooper stated that he was led to believe that the operator was [Breakiron], but that was

- 5 -

a statement elicited by defense counsel and not the Commonwealth. *Id*. Prior to his statement about the operator being [Breakiron], [Breakiron] clearly stated that he had not met him prior to that night…

TCO at 3.

We find nothing in this analysis that is inconsistent with the testimony at trial. Indeed, during his examination, Trooper Hamilton testified that he learned Breakiron's identity only after running the license plate of the abandoned vehicle and finding out that Breakiron was the registered owner. *See* N.T., 3/4/19, at 10. While the Commonwealth did have Trooper Hamilton identify Breakiron, it did so only as the defendant and not as the driver of the car. *Id*. at 16. Trooper Hamilton later admitted on cross-examination that he could not positively identify Breakiron as the driver of the car. *Id*. at 18. As a result, because his claim is based on a faulty premise, we find Breakiron's second issue meritless.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/9/2022